IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. SHANNON SHERIDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-2026- |
| | ) | |
| 1. WHELAN SECURITY CO. d/b/a | ) | Title VII discrimination |
| GARDAWORLD SECURITY SERVICES | ) | Arising in Okla County |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her cause of action herein alleges that:

## PARTIES

1. The Plaintiff is Shannon Sheridan, an adult resident of Logan County, Oklahoma.

2. The Defendant is Whelan Security Co., d/b/a GardaWorld Security Services, a corporation doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's cause of action is based on wrongful termination in violation of Title VII of the Civil Rights Act of 1964. Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Plaintiff is a female who was employed by Defendant from approximately August 19, 2024, until her wrongful termination on or about October 14, 2024.

6. At the time of Plaintiff's termination, she was a lesbian and her position was

the Client Service Manager.

7.     For each month of 2024 and 2025, Defendant employed more than fifteen (15) employees.

8.     At all times Plaintiff satisfactorily performed her job duties.  Plaintiff had never been disciplined or placed on a performance improvement plan (PIP) prior to her termination.

9.     The Defendant claimed that Plaintiff was terminated claiming that a client did not want her managing a particular account. This alleged complaint is pretextual because the client actually had praised Plaintiff's performance just a week earlier, and this was an account that Defendant was already considering dropping as a client and did, in fact, later, drop.  Plaintiff also supervised twelve other client sites and no issue was raised about her performance.

10.    On or about October 8, 2024, Plaintiff met Mr. David Bradney (male), Regional Vice-President for the first time.  Mr. Bradney walked into Plaintiff office and asked where Plaintiff lived. When Plaintiff mentioned the she lived with her wife, Mr. Bradney responded "Oh, okay" and immediately walked out of Plaintiff's office.  This was the date when Mr. Bradney learned of Plaintiff's sexual orientation.

11.    On or about October 10, 2024, Mr. Bradney, came into Plaintiff's office, banged his arm on her door loudly, approximately three times shoved chairs together and against furniture with force, and constantly said "Fuck" when he, with a raised voice, asked Plaintiff questions about accounts Plaintiff had not previously handled. These acts made Plaintiff feel uncomfortable, demeaned, and afraid for her safety. Plaintiff saw Mr. Bradney interact with the other employees in the office, and he did not display this kind of angry and threatening conduct towards heterosexual employees.

12.    Later on or about October 10, 2024, Plaintiff heard Mr. Bradney yelling "fucking queers" and "fucking faggots" and that he was sick of "them".

13.    On or about October 14, 2024, Defendant terminated Plaintiff's employment.

14.    After Plaintiff's termination as she gathered her belongings, Plaintiff heard Mr. Bradney and Scott McKenzie (male), title unknown, speaking on speakerphone. Mr. Bradney said, "I'm glad you got rid of her." Mr. McKenzie immediately tried to cover the phone with his hands when he realized Plaintiff was standing beside him.

15.    The reason for Plaintiff's termination was her sexual orientation which is gender discrimination in violation of Title VII of the Civil Rights Act of 1964.

16.    As the direct result of such gender-based termination, the Plaintiff has suffered lost earnings, past, present and on-going, together with emotional distress for which she is entitled to compensation.

17.    Because such termination was accomplished by management level employees of the Defendant in knowing, willful, or reckless violation of Plaintiff's federal rights, Plaintiff is entitled to an award of punitive damages.

18.    Plaintiff filed a timely charge of discrimination regarding sexual orientation based gender discrimination and wrongful termination on or about July 1, 2025.

19.    The EEOC issued a right to sue letter on March 8, 2026, which was received thereafter.  This lawsuit is filed within ninety (90) days of the issuance and receipt of such right to sue.

## **PRAYER**

**WHEREFORE,** Plaintiff prays that she be awarded her actual, and punitive damages herein together with costs, pre- and postjudgment interest and attorney's fees and any other relief as may be appropriate including reinstatement.

**RESPECTFULLY SUBMITTED THIS 1st DAY OF JUNE, 2026.**

s/Mark  Hammons
HAMMONS, HURST & ASSOC.
Mark Hammons, OBA # 3784
Tammy Vo, OBA #36288
325 Dean A. McGee Ave.
Oklahoma City, OK 73102
Telephone: (405) 235-6100
Facsimile:  (405) 235-6111
assistant@hammonslaw.com
tammy@hammonslaw.com

**JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED**